# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CV F   06-559 AWI LJO P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 1) |
| CALIFORNIA CORRECTIONAL INSTITUTION CONFINEMENT SHU WATCH, | |
| Defendants. | |

Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 9, 2006.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that Defendants Director, First Watch Captain, Lieutenant, Lieutenant, were in a conspiracy, threatening Plaintiff "late night."

**C. CLAIMS FOR RELIEF**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]    . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In this case, Plaintiff alleges that the Defendants, all named solely by their title, conspired

to threaten and harass Plaintiff during the "late night" by using an intercom through the vent. (Complaint at 1 -4.)

Plaintiff's allegations do not give rise to a cognizable claim for relief under Section 1983. Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a claim based on a constitutional deprivation. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Accordingly, Plaintiff's action must be dismissed.

**D.  EXHAUSTION REQUIREMENT**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

Here, Plaintiff concedes in his Complaint that the grievance process is not yet complete. Complaint at pg. 3. Although Plaintiff has begun the grievance process, the law is clear that exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Accordingly, Plaintiff's complaint must also be dismissed on exhaustion grounds.

**E.  CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that Plaintiff has FAILED TO STATE A CLAIM for relief under section 1983, and has further failed to EXHAUST his administrative remedies. In addition, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Thus, the Court RECOMMENDS that this action be dismissed in its entirety.

1  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 16, 2006**              /s/ Sandra M. Snyder
icido3                    UNITED STATES MAGISTRATE JUDGE